# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAMES LAWRENCE QUINNEY,

        Petitioner,               Case Number: 2:16-CV-11351
                                            HONORABLE DENISE PAGE HOOD

v.

DEWAYNE BURTON,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS

Petitioner James Lawrence Quinney filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for first-degree home invasion, assault with a dangerous weapon, interfering with a crime report, and assault and battery. Respondent filed an answer in opposition to the petition. Now before the Court is Petitioner's Motion to Amend.

A federal district court has discretion to allow amendment of a habeas petition after a responsive pleading has been filed. *See* Rule 11, Rules Governing 28 U.S.C. § 2254 Cases; Fed. Rule Civ. Proc. 15(a). Leave to amend should be granted "freely" unless the proposed amendment would be futile. *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995), *cert. denied*, 517 U.S. 1121 (1996).

Petitioner seeks leave to amend his petition to include a claim that his trial counsel was ineffective for failing to challenge the identification testimony as fruits of the

poisonous tree based upon an unlawful arrest and failing to challenge the unlawful arrest itself. Although Petitioner raised ineffective assistance of counsel claims on collateral review in state court, he failed to raise this specific ineffective assistance of counsel claim. The claim, therefore, is unexhausted. No state court remedy is available to Petitioner to exhaust this claim because he already has filed a motion for relief from judgment in the state trial court and does not argue that the claims falls within the narrow exception to the prohibition against filing successive motions for relief from judgment in state court. To the extent that Petitioner asserts ineffective assistance of appellate counsel as cause to excuse the procedural default of these claims, ineffective assistance of appellate counsel does not excuse the failure to present a claim on collateral review in state court. *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995).

Thus, this claim is procedurally defaulted and barred from review unless Petitioner can establish that a constitutional error resulted in a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995). The Supreme Court has tied the miscarriage of justice exception to procedural default to a petitioner's innocence. *Id.* To make a showing of actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt." *Id.* at 327. Petitioner fails to present new, reliable evidence in light of which no reasonable juror would have found him guilty. Therefore, amendment of the petition to include this claim would be futile.

Accordingly, Petitioner's "Motion to Amend Petition for Writ of Habeas Corpus" (dkt. 14) is DENIED.

**SO ORDERED**.

**S/Denise Page Hood**
**Denise Page Hood**
**Chief Judge, United States District Court**

**Dated: March 20, 2018**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on March 20, 2018, by electronic and/or ordinary mail.**

**S/LaShawn R. Saulsberry**
**Case Manager**